FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 SEP -6 P 3: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CAMPANELLA D'ANGELO,

Petitioner,

v.

CIVIL ACTION NO.: CV613-062

JOSE MORALES, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Campanella D'Angelo ("D'Angelo") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Screven County Superior Court. Respondent filed an Answer-Response. For the reasons which follow, D'Angelo's petition should be **DENIED**.

## STATEMENT OF THE CASE

D'Angleo was indicted by the Screven County grand jury and charged with five counts of child molestation and two counts of sexual battery of the same child. (Doc. No. 7-2, p. 26). D'Angelo was represented by counsel at the June 18, 2007, preliminary and bond hearing but elected to represent himself at the August 1, 2007, arraignment. (Id. at p. 30; Doc. 7-4, p. 23). D'Angelo then informed the court that he wished to proceed pro se, and represented himself at jury selection on September 23, 2008. (Doc. No. 7-2, pp. 38-39; Doc. No. Doc. No. 7-4, p. 37). Trial was set for October 23, 2008, so that D'Angelo could have additional time to prepare, but on October 3, 2008,

D'Angelo filed a motion for assistance of counsel. (Doc. No. 7-4, p. 40; Doc. No. 7-2, p. 40). Representation was arranged through the public defender, counsel filed various pretrial motions on D'Angelo's behalf, and D'Angelo was represented by two public defenders at a jury trial held November 21, 2008. (Doc. No. 7-4, p. 98).

Following the jury trial, D'Angelo was convicted on counts 1-3, of child molestation, and count 6, of sexual battery. (Doc. No. 7-3, p. 59-60). The jury could not reach a verdict on counts 4, 5, and 7, and the court declared a mistrial as to those counts. (Id.; Doc. No. 7-6, p. 5). The trial court ordered a presentence investigation. (Id.). On November 25, 2008, D'Angelo filed a pro se motion to set aside the verdict. (Doc. No. 7-4, pp. 1-4). On January 6, 2009, D'Angelo was sentenced to fifteen years, based on count 1 of child molestation.[1] (Id. at p. 5).

On January 9, 2009, D'Angelo filed a pro se notice of appeal, while trial counsel concomitantly filed a motion for new trial on January 12, 2009, raising general grounds. (Doc. No. 7-2, p. 20; Doc. No. 7-4, pp. 6-8). D'Angelo expressed his desire to discontinue the services of trial counsel, and submitted an affidavit to the trial court in which he elected to represent himself on direct appeal and declined the services of appointed counsel. (Id. at pp. 13-17, 21). Pursuant to D'Angelo's request and trial counsel's motion to withdraw - based on ineffective assistance assertions made by D'Angelo - the trial court granted trial counsel's motion on May 5, 2009. (Id. at pp.16-17).

In the interim, however, D'Angelo had been appointed counsel through the Public Defender Standards Council. Gabe Cliett, the appointed counsel, entered an

---

[1] The trial court merged counts 2, 3, and 6 into count 1.

AO 72A
(Rev. 8/82)

appearance in August 2009. (Id. at p. 24). In November 2009, Mr. Cliett met with D'Angelo to discuss the case, and based on that meeting, counsel prepared a handwritten affidavit in which D'Angelo averred that after meeting Mr. Cliett, D'Angelo elected to handle his own appeal and declined appointed counsel's services.[2] (Doc. No. 7-4, p. 21). On November 23, 2009 – the day of the scheduled hearing on D'Angelo's motion for new trial - the trial court entered an order summarizing these events and directed the Screven County Superior Court Clerk to send all pleadings, notices, and orders to D'Angelo, as he was proceeding pro se.[3] (Doc. No. 7-2, pp. 24-25). D'Angelo's case was docketed in the Georgia Court of Appeals to reflect D'Angelo's pro se status. (Id. at p. 17). The Georgia Court of Appeals dismissed D'Angelo's appeal based on his failure to submit an enumeration of errors and brief. D'Angelo v. State, No. A10A1156 (Ga. App. dismissed Aug. 26, 2010) (Doc. No. 7-2, p. 15).[4]

D'Angelo then filed a state habeas corpus petition in the Superior Court of Lowndes County on March 4, 2011, challenging his Screven County conviction. (Doc. No. 7-8; 7-9). In his petition, as amended, D'Angelo raised twenty grounds for relief, including claims that: D'Angelo received ineffective assistance of counsel at his preliminary hearing; his right to confrontation was violated at the preliminary hearing;

---

[2] The affidavit was signed by D'Angelo and notarized on November 5, 2009.

[3] The Clerk was also directed to transmit the record to the appellate court due to D'Angelo's pro se notice of appeal.

[4] During this time, D'Angelo filed a petition for writ of habeas corpus in the Charlton County Superior Court, alleging he was being denied his appellate rights. That petition was dismissed upon D'Angelo's request in February 2010. D'Angelo then filed a motion in the Southern District of Georgia, which this Court construed as a habeas corpus petition challenging his Screven County conviction. D'Angelo v. O'Donnell, No. CV610-050 (S.D. Ga. 2010). That petition was dismissed December 14, 2010 based on lack of exhaustion. (Id. at Doc. No. 17).

AO 72A
(Rev. 8/82)

D'Angelo was denied right to counsel during jury selection; due process and equal protection rights were violated by the admission of the victim's videotaped statement; the victim presented perjured testimony; the victim was not cross-examined, thereby violating D'Angelo's right to confrontation; and that the trial court violated D'Angelo's Sixth Amendment rights by reappointing the public defender's office after he had discharged them. (Doc. No. 7-10, pp. 4 – 6). Following an evidentiary hearing, the state habeas court denied relief, finding that all grounds presented were procedurally defaulted under Georgia law as they were not timely raised at the trial level and pursued as error in a direct appeal. (Doc. No. 7-10).

On November 19, 2012, the Georgia Supreme Court granted D'Angelo's application for a certificate of probable cause to appeal and remanded the case for the state habeas court to determine whether D'Angelo had "validly waived his right to appellate counsel in his underlying criminal case (an issue raised in the amended habeas petition) and what effect an invalid waiver might have on its finding that he had failed to show cause and prejudice to overcome the procedural default of his remaining claims." (Doc. No. 7-11). On March 13, 2013, the state habeas court held a hearing at which D'Angelo's discharged appellate counsel, Mr. Cliett, testified. (Doc. No. 7-7, p. 2). The warden submitted a post-hearing brief (Doc. No. 7-12), and on May 20, 2013, the habeas court denied relief, concluding that D'Angelo "expressly, and fundamentally by his actions, waived his right to appellate counsel with an understanding of that right and the potential dangers of proceeding without such counsel." (Doc. No. 7-13, pp. 8-9).

D'Angelo failed to file an appeal of that ruling in the Georgia Supreme Court, although the state habeas court reminded him of that option and the relevant time limits. (Id. at p. 9). Under O.C.G.A. § 9-14-52, D'Angelo had thirty days in which he could have filed an application for a certificate of probable cause to appeal. The thirty-day period ended on or about June 19, 2013. Instead, D'Angelo executed the instant petition on June 5, 2013[5], challenging his Screven County conviction. Included with the § 2254 petition, D'Angelo filed an "amendment" and "exhibits" which raise issues themselves. (Doc. No. 1, 1-1 – 1-11).

In the instant § 2254 petition, D'Angelo raises the following grounds for relief: (1) that D'Angelo "was deprived of his appeals rights" because two weeks after the trial court "initiated" the appeals process, D'Angelo allegedly filed a motion to "protect his appeal process rights" which the trial court "did not answer, not redress the federal questions presented" (Doc. No. 1, p. 5); (2) that the habeas court judge's final judgment was illegal and unconstitutional because it was illegally prepared by the Assistant State Attorney General (Id. at p. 6); (3) that the videotape played at trial was "illegally admitted and [D'Angelo] notified the court before sentence" (Id. at p. 8); and (4) that D'Angelo was denied the ability to cross-examine the victim and that he filed a pretrial motion that the "trial court did not answer or redress the confrontation question" (Id. at p. 10). D'Angelo also raises numerous grounds in the amendment and "exhibits" to his Petition[6], alleging that:

---

[5] D'Angelo's "amendment" to the instant habeas petition is signed May 31, 2013.

[6] D'Angelo fails to raise these grounds in any logical manner, instead opting to raise claims nonsequentially in numbered paragraphs under the "jurisdictional statement", "statement of the case", and "reasons for granting the writ" sections. D'Angelo also includes some claims on the cover sheets for the "exhibits". Accordingly, the undersigned refers to D'Angelo's claims using the same numbers for the individual paragraphs along with the docket citation to identify the claims.

5

(2) the trial court, the state habeas court, and the Georgia Supreme Court "gave no answer and no redress to the federal claims" (Doc. No. 1, p. 17);

(3) this Court should "join two claims" and review "the contingent judgment of the habeas court (May 17, 2013)" with the Georgia Supreme Court's November 2012 order "together" and the state habeas court's May 2012 order "which was rendered illegally" (Doc. No. 1, p. 18);

(4) D'Angelo's federal questions, raised twice in the state habeas court and Georgia Supreme Court "remains without redress under the redress clause of Amendment – I of the U.S. Constitution." (Doc. No. 1, p. 18);

(1) the Georgia Supreme Court "only considered one issue" raised in D'Angelo's application for a certificate of probable cause to appeal, leaving other issues "which were never 'redress' by trial court, nor answered in any way" and that the state habeas court only answered the one issue on remand and the "appellate issues" remain without "redress" (Doc. No. 1, p. 19);

(2) the state habeas court had ground 7 of the state petition before it "twice" and it "twice failed to redress the grievances" (Doc. No. 1, p. 20);

(3) the Georgia Supreme Court "failed to consider the fact that the Superior Court did not make any 'findings and conclusions of law' as it was required to do under O.C.G.A. § 9-14-49" but instead the Georgia Supreme Court had "an illegal document on unconstitutional terms" (Doc. No. 1, p. 20);

(4) the Georgia Supreme Court remanded the case with "only one partial issue", D'Angelo did not have a neutral and detached judge on remand, and the "habeas court made an erroneous judgment on May 17, 2013" (Doc. No. 1, p. 21);

AO 72A
(Rev. 8/82)

(5) the federal questions raised in Exhibit-I "were not answered" by the trial court, the habeas court, or the Georgia Supreme Court (Doc. No. 1, p. 21);

(1) this Court must grant the writ because the trial court did not provide D'Angelo with "all of the transcript and supporting materials" listed in Exhibit-I(E) and (F) (Doc. 1, p. 22);

(2) this Court must grant the writ because the habeas court's March 2013 order "was illegally prepared" by the Assistant State Attorney General and not the habeas court judge as required by O.C.G.A. § 9-14-49 and this "mandatory administrative duty" falls under 18 U.S.C. § 1983 (Doc. No. 1, p. 23);

(3) this Court must grant the writ because D'Angelo's federal questions were not answered by the trial court, the habeas court, or the Georgia Supreme Court where the trial court "illegally admitted a video" and the prosecution allegedly failed to file a motion to take the deposition of a material witness (the victim) pursuant to O.C.G.A. § 24-10-130 (Doc. No. 1, p. 24);

(4) this Court must grant the writ because D'Angelo's confrontation clause allegations have "not been answered" by the state courts and that trial counsel was ineffective for failing to test the prosecutor's case, which ineffectiveness established cause and prejudice and a miscarriage of justice (Doc. No. 1, p. 25);

(5) this Court must grant the writ because the federal questions presented by D'Angelo in Exhibits I, I-(A), and I-(B) were not "answered or redress by any of the state courts" (Doc. No. 1, p. 26);

(Exhibit I) because D'Angelo's federal claims were not answered, they are "inadequate state grounds" and the default findings made by the state habeas court should not be honored (Doc. No. 1-1, p. 1);

(Exhibit I-A) after D'Angelo discharged the public defenders, counsel "just quit" the case and the trial court did not have a waiver of counsel hearing "or answer in any form" (Doc. No. 1-2, p. 1);

(Exhibit I-B) the trial court erred in not conducting a "waiver of counsel" hearing on D'Angelo's motion, filed post-trial, to discharge the public defenders (Doc. No. 1-3, p. 1);

(Exhibit I-C) the Georgia Supreme Court did not "amend" the "error" in the habeas court's adoption of the proposed order under the "plain error doctrine" (Doc. No. 1-4, p. 1);

(Exhibit I-D) D'Angelo's reply to the warden's proposed order allegedly demonstrates that the "illegal" judgment violated due process (Doc. No. 1-5, p. 1);

(Exhibit I-E) the trial court failed to address the questions presented in Exhibit I(E) regarding D'Angelo's appellate rights, which caused his appeal to be dismissed (Doc. No. 1-6, p. 1);

(Exhibit I-F) the Georgia Court of Appeals granted D'Angelo's extension but did not redress his federal questions under the grievance clause of "Amendment I" and the Fourteenth Amendment (Doc. No. 1-7, p. 1)

(Exhibit II) the Georgia Supreme Court only addressed one claim raised in D'Angelo's application for certificate of probable cause (Doc. No. 1-8, p. 1); and

AO 72A
(Rev. 8/82)

(Exhibit III) the habeas court did not "answer" D'Angelo's "traverse" regarding the warden's post-hearing brief on remand (Doc. No. 1-9).

Respondent contends that: ground 1 is defaulted due to D'Angelo's failure to raise the issue in an application for a certificate of probable cause to appeal the state habeas court's May 2013 order on remand; ground 2 fails to state a claim for relief; and as to grounds 3 and 4, the state habeas court's decision finding those claims procedurally defaulted warrants deference. Respondent avers that, as to claim 4 (Doc. No. 1, p. 25), the state habeas court's decision that this claim is defaulted also warrants deference. Respondent asserts that claim 1 (Doc. No. 1, p. 22), and Exhibits I-A, I-B, I-D, I-E, and I-F are procedurally defaulted due to D'Angelo's failure to pursue a certificate of probable cause to appeal the state habeas court's May 2013 decision on remand. Respondent submits that claim 3 (Doc. No. 1, p. 24) is new but procedurally defaulted under the successive petition rule, O.C.G.A. § 9-14-51. Finally, Respondent contends that the remaining claims in the amendment and "exhibits" fail to state a claim for relief pursuant to Quince v. Crosby, 360 F.3d 1259 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Failure to Exhaust**

In ground 1, D'Angelo asserts that he was "deprived of his appeals" because two weeks after the appellate process began he allegedly filed a motion for all transcripts and other materials but the trial court "did not answer, nor redress the federal questions presented." (Doc. No.1, p. 5). In Exhibits I-A and I-B, D'Angelo claims that the trial court erred in failing to hold a hearing on D'Angelo's waiver of the right to appellate counsel and that the attorneys "just quit" his case. (Doc. No. 1-2, p. 1; Doc No. 1-3, p.

9

1). In claim 1, Exhibit I-D, and I-E, D'Angelo alleges that the trial court and the state appellate court failed to address his allegations that he did not have all the transcripts from which he could adequately prepare an appellate brief. (Doc. No. 1, p. 22; Doc. No. 1-6, p. 1; Doc. No. 1-7, p. 1). Exhibit I-F asserts that the Georgia Court of Appeals granted D'Angelo an extension of time but failed to redress D'Angelo's claims regarding protection of the appeals process and "did not redress any of the federal questions." (Doc. No. 1-7, p.1). Respondent contends that ground 1 (Doc. No. 1, p. 5), claim 1 (Doc. No. 1, p. 22), and Exhibits I-A, I-B, I-D, I-E, and I-F are procedurally defaulted because D'Angelo did not file an application for a certificate of probable cause to appeal the state habeas court's order entered on remand.[7]

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held

---

[7] As highlighted in the Respondent's Brief (Doc. No. 6-1, pp. 16-18), the origins of the documents purporting to support D'Angelo's claims in Exhibits I-E and I-F are dubious at best. While it is ambiguous whether these documents were filed in either the state trial court or the state appellate court, it is clear that the documents were never incorporated into the official record created at either of the state habeas corpus hearings. In any event, D'Angelo failed to contest the claims raised in Exhibits I-E and I-F at the remand hearing, and he failed to tender the motions at either habeas hearing. See Doc. No. 7-1, pp. 37-72; Doc. No. 7-2, pp. 1-14; Doc. No. 7-7. As more fully explained below, Exhibits I-E and I-F are procedurally defaulted.

AO 72A
(Rev. 8/82)

that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). In order to properly exhaust state court remedies, a Georgia inmate must timely file an application for a certificate of probable cause following the denial of his state habeas petition. Pope, Id. at p. 854. Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

As outlined previously, the Georgia Supreme Court remanded D'Angelo's habeas case for consideration of whether D'Angelo validly waived his right to appellate counsel, a claim contained in the amendment attached to D'Angelo's petition. D'Angelo's waiver claim is found in paragraph 11 of that amendment, under the heading "Statement of the Case". Encompassed in paragraph 11 are allegations that: the trial court failed to conduct a hearing on whether D'Angelo waived his right to the assistance of appellate counsel; the trial court "failed to supply [D'Angelo] with all hearing transcript evidence and complete trial transcripts"; and that the denial of

11

D'Angelo's direct appeal, based on his failure to file a brief, was "in violation of the laws". (Doc. No. 7-9, p. 6). On remand, the state habeas court conducted an evidentiary hearing concerning these grounds, at which Mr. Cliett testified. (Doc. No. 7-13). The Superior Court of Lowndes County issued its order on remand on May 20, 2013. (Id.). The state habeas court found that "under the particular facts and circumstances of this case, as shown by the record as a whole, [D'Angelo] expressly, and fundamentally by his actions, waived his right to appellate counsel with an understanding of that right and the potential dangers of proceeding without counsel." (Id. at pp. 8-9).[8]

Under Georgia law, D'Angelo had 30 days in which he could file an application for a certificate of probable cause to the Georgia Supreme Court. O.C.G.A. § 9-14-52. Because D'Angelo did not choose to pursue that option, the claims he raises in this petition regarding his direct appeal[9], waiver of appellate counsel[10], and the alleged lack of access to transcripts[11] are procedurally defaulted. See Pope, Id. at 854 ("[Petitioner] has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas

---

[8] While the habeas court did not expressly state whether D'Angelo had access to trial transcripts, the record is replete with examples considered by the habeas court on remand that demonstrate D'Angelo was able to adequately prepare for his appeal. (Id. at pp. 5-8). In his pro se notice of appeal, D'Angelo specifically listed which transcripts he wanted the record on appeal to include, and the clerk included all of them except the sentencing transcript. (Doc. No. 7-2, pp. 20-22; Doc. No. 7-4, pp. 23, 37, 82, 98). Despite D'Angelo's submission of alleged motions purporting to support his claims regarding the unavailability of transcripts, (Exhibit I-E, Doc. No 1-6, p. 6; Exhibit I-F, Doc. No. 1-7, p. 3), the official records contain no post-trial motion filed by D'Angelo in which he asked for copies of any transcripts. (Doc. No 7-2, pp. 18-19). Nor did D'Angelo raise the transcript issue at the remand hearing, although it was contained within the ground on which the Georgia Supreme Court remanded the case.

[9] Ground 1 (Doc. No. 1, p. 5), Exhibit I-F.

[10] Exhibit I-A, I-B.

[11] Claim 1 (Doc. No. 1, p. 22); Exhibits I-D, I-E.

petition."). It is clear that D'Angelo has not fully exhausted all avenues available to him in the State courts. In addition, nothing about O.C.G.A. § 9-14-52 can be considered extraordinary or ineffective. Therefore, this Court will not entertain D'Angelo's allegations presented in ground 1, count 1, Exhibits I-A, I-B, I-D, and I-E.

## II. Procedurally Defaulted Claims

In ground 3, D'Angelo essentially asserts that his right to confrontation was violated at trial because "the video-tape played at trial was illegally admitted." (Doc. No. 1, p. 8).[12] Ground 4 alleges that D'Angelo was denied the opportunity to cross-examine the victim at trial. (Id. at p. 10). D'Angelo further claims he filed a pretrial motion to have a hearing on the child's competency to testify but that the trial court did not consider the motion. (Id.). In claim 4, (Doc. No. 1, p. 25), D'Angelo alleges that this Court must grant the writ because his confrontation clause claim "has not been answered" by the state courts and that trial counsel was ineffective because they did not test the prosecution's case and this ineffectiveness established both cause and prejudice and a miscarriage of justice. Respondent submits that as to these grounds, this Court should give deference to the decision of the state habeas court finding these claims to be procedurally defaulted under O.C.G.A. § 9-14-48(d) due to D'Angelo's failure to timely raise the arguments at trial and on direct appeal. Respondent also contends that the state habeas court determined that D'Angelo did not show cause and prejudice to overcome this procedural bar.

---

[12] Ground 3 also includes an allegation that the state habeas court and Georgia Supreme Court erred in neglecting to address D'Angelo's confrontation clause claims on the merits. This claim fails to state a claim for relief, because it does not allege a constitutional violation in the criminal case. See Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004). Failure to state a claim pursuant to such allegations is more fully discussed in Section IV of this Report.

13

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

In the relevant portion of his state habeas corpus petition, D'Angelo alleged that the victim gave perjured testimony and that his right to confrontation was violated when the victim was not cross-examined at trial. The state habeas corpus court determined that D'Angelo's assertions were procedurally defaulted under Georgia law and that D'Angelo failed to establish the necessary cause and prejudice to overcome this

AO 72A (Rev. 8/82)

default. (Doc. No. 7-10, pp. 6, 9, 12-17). The state habeas corpus found that D'Angelo did not raise a confrontation clause objection at trial or assert that he was denied the opportunity to cross-examine the victim. (Id. at p. 16). Instead, D'Angelo contested the admission of the victim's videotaped statement on the ground that it was not sufficiently reliable. (Id. at pp. 12-13, 16-17). The state habeas court further noted that the trial court entertained a pretrial defense motion in limine to exclude the videotaped statement based on O.C.G.A. § 24-3-16, the child hearsay statute, arguing that the child's account had been influenced by family members. (Id. at p. 12; Doc No. 7-4, pp. 106; 7-5, pp. 1-2). The trial court denied the motion, and the defense was granted a continuing objection concerning the admission of the video. (Id.). When the State called the therapist who interviewed the child and indicated its intention to play the video, the defense renewed its motion and objected to the video's admission on reliability grounds. (Doc. No. 7-10, p. 12-13). The motion was denied. (Id.). Although the child was present and named as a witness for the State, she was never called to testify. (Id. at p. 13). D'Angelo never requested that she be called as a witness, as permitted under O.C.G.A. § 24-3-16, nor did he offer objection to the State's failure to call the child as a witness or that he was denied the right to confront her. (Id., citing Doc. No. 7-5, pp. 55-57, 73). The state habeas court concluded "[o]ther than alleging that the victim had given perjured testimony, [D'Angelo] presented no credible evidence to this Court . . . showing that her statement was not truthful. [D'Angelo] has not established the requisite prejudice to overcome his default." (Doc. No. 7-10, p. 13).

15

In finding that D'Angelo's claims regarding the victim's testimony were procedurally defaulted, the state habeas corpus court relied on O.C.G.A. § 9-14-48(d). That statute provides, in relevant part:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d). This is an independent and adequate state law ground. The state habeas corpus judge clearly and expressly stated he was relying on the Georgia procedural default rule in determining that the above-described claims were barred, particularly considering D'Angelo did not show cause and prejudice excusing his procedural default. In addition, the state habeas corpus judge's decision rests solidly on state law grounds, and the application of O.C.G.A. § 9-14-48(d) was not done arbitrarily or in an unprecedented fashion, as evidenced by Judge Horkan's citation to Earp v. Angel, 257 Ga. 333 (1987). Thus, D'Angelo is not entitled to any relief based on these grounds.

### III.  Successive Petition Rule

In claim 3 (Doc. No. 1, p. 24) D'Angelo asserts that the writ must be granted because his federal questions concerning the prosecutor's compliance with O.C.G.A. § 24-10-130 and the prosecutor's failure to file a motion to take the deposition of the victim "were not answered" by the trial court, the habeas court, and the Georgia Supreme Court. Respondent contends that although claim 3 is newly raised, it is

barred by the successive petition rule because it was not raised in the state courts and would be deemed successive if now raised in a second state collateral attack.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the

17

petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

Because D'Angelo failed to raise this claim in his state habeas corpus petition, it is barred from being brought in this petition. D'Angelo has not shown that this issue could not reasonably have been raised in his original state habeas corpus petition. Accordingly, D'Angelo is not entitled to his requested relief.

## IV. Failure to State a Claim

D'Angelo's remaining claims attack the decisions of the state habeas court and the Georgia Supreme Court.[13] As such, Respondent contends that none of D'Angelo's remaining arguments state a claim upon which relief may be granted as they do not allege violations of federal constitutional rights occurring in the proceedings giving rise to D'Angelo's convictions nor violations of clearly established federal law. Respondent submits that because D'Angelo's claims allege errors and infirmities in D'Angelo's collateral attack, they are not grounds for federal habeas corpus relief.

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the

---

[13] D'Angelo's remaining claims considered in this section are: ground 2 (Doc. No. 1, p. 6); amendments: 2 (Doc. No. 1, p. 17), 3 (Doc. No. 1, p. 18), 4 (Doc. No. 1, p. 18), 1 (Doc. No. 1, p. 19), 2 (Doc. No. 1, p. 20), 4 (Doc. No. 1, p. 21), 5 (Doc. No. 1, p. 21), 2 (Doc. No. 1, p. 23), 5 (Doc. No. 1, p. 26); Exhibits: I, I-C, II, and III.

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010). Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases). "There is a valid reason behind this principle: '[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment– i.e., the conviction itself–- and thus habeas relief is not an appropriate remedy.'" Alston, 610 F.3d at 1325-26 (quoting Carroll, 574 F.3d at 1365). "Furthermore, such challenges often involve issues of state law, and [a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Id. at 1326 (alteration in original) (internal citation omitted).

D'Angelo is not challenging the validity of the fact or the length of his confinement in any of the remaining grounds he enumerates. Instead, the errors he contends occurred during the state collateral review process. Thus, D'Angelo has failed to state any bases for federal habeas relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that D'Angelo's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)