# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CAMPANELLA D'ANGELO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | 6:13-cv-62 |
| JOSE MORALES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Before the Court is Campanella D'Angelo's Notice of Appeal, ECF No. 14, which the Court construes as a motion for certificate of appealability. *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted). And where, as here, a court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

D'Angelo has not made the requisite showing. The Court denied his § 2254 petition because D'Angelo (1) failed to exhaust state court remedies for some claims, *see* ECF No. 8 at 12; (2) procedurally defaulted others, *see id.* at 15-18; and (3) failed to state a claim on yet others, *see id.* at 19. No reasonable jurist could disagree that D'Angelo failed to seek a certificate of appealability from the Georgia Supreme Court after the state habeas court's denial of some claims. Nor could one disagree that D'Angelo simply failed to raise some issues when he first had the chance at trial. And finally, no reasonable jurist could disagree that D'Angelo's claims attacking the state habeas proceedings fail to state a claim. *See* 28 U.S.C. § 2254(a) (allowing challenges to state court convictions and sentences for violations of the Constitution or laws of the United States); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) (holding that "an alleged defect in a [state] collateral proceeding does not state a basis for habeas relief).

Because D'Angelo fails to show that "jurists of reason would it find it debatable whether" the Court's dismissal on procedural grounds was correct, the Court **DENIES** D'Angelo's construed motion for a certificate of appealability. *Slack*, 529 U.S. at 484.

The _11_ day of December, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA